149 A.3d 1

IN THE MATTER OF MARVIN S. DAVIDSON, AN ATTORNEY
AT LAW (ATTORNEY NO. 255181969)

NOVEMBER 03, 2016

**ORDER** :

The Disciplinary Review Board having filed with the Court its decision in DRB 15-234, recommending that **MARVIN S. DAVIDSON** of **ORANGE**, who was admitted to the bar of this State in 1969, and who has been suspended from the practice of law since September 6, 2010, be disbarred for violating *RPC* 1.15(a) (failure to safeguard client funds), *RPC* 1.15(d)(recordkeeping violations), *RPC* 8.1(b)(failure to cooperate with disciplinary authorities), *RPC* 8.4(d)(conduct prejudicial to the administration of justice), and *Rule* 1:20-20;

And **MARVIN S. DAVIDSON** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having agreed with the Disciplinary Review Board that there was not clear and convincing evidence of the knowing misappropriation of funds and with the Office of Attorney Ethics that if there is no knowing misappropriation, that the appropriate sanction is a term of suspension;

And the Court having determined that a three-year term of suspension is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **MARVIN S. DAVIDSON** is suspended from the practice of law for a period of three years, effective immediately; and it is further

ORDERED that **MARVIN S. DAVIDSON** shall satisfy the fee arbitration determination in District Docket No. VB–2010–0035F, as Ordered on March 30, 2015 (D–104–15; 075704) within sixty days after the filing date of this Order; and it is further

ORDERED that **MARVIN S. DAVIDSON** be and hereby is restrained and enjoined from practicing law during the period of his suspension and until further Order of this Court; and it is further

ORDERED that **MARVIN S. DAVIDSON** continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20-17.